UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE)

| | |
|---|---|
| RAYMOND SWAINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>MOHELA; TRANSUNION, LLC;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.; and EQUIFAX<br>INFORMATION SERVICES LLC;<br>    Defendants. | CASE NO. 1:21-cv-05378-RA<br>    ECF Case<br><br><br><br>**MEMORANDUM OF LAW IN<br>SUPPORT OF MOTION TO DISMISS<br>AMENDED COMPLAINT** |

    Defendant consumer reporting agency Trans Union, LLC ("Trans Union"), by counsel, hereby submits this Memorandum of Law in Support of Motion To Dismiss Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion").

    The Motion should be granted in this case where Plaintiff claims his lender inaccurately reported he was 30 days late but fails to plead any cause of action against Trans Union, otherwise allege that Plaintiff is entitled to relief from Trans Union or that Plaintiff suffered an injury caused by Trans Union because:

    A.    Case law holds the Amended Complaint fails to state a claim against Trans Union upon which relief can be granted because it contains no allegations against Trans Union.

    B.    Case law holds this Court lacks subject matter jurisdiction to hear Plaintiff's claims against Trans Union because Plaintiff claims no required concrete injury and so lacks standing under Article III of the United States Constitution.

I.  PLAINTIFF'S AMENDED COMPLAINT

On February 27, 2019, Plaintiff received an email from MOHELA ("Mohela") inquiring about the late payment of his loan. See Doc. No. 11 (the "Amended Complaint") §III. Plaintiff responded via email that because of a debilitating back injury he had requested a deferment of payment on his loan, and that he is awaiting a response from Mohela. Id.

On March 7, 2019 Plaintiff provided a partial payment to Mohela. Id. On March 22, 2019, Plaintiff was told by Mohela that his deferment had not been granted, but he would be given a "grace period" for the month of March 2019 as long as he brought his account current in April 2019. Id. On April 4, 2019 and April 11, 2019, Plaintiff made payments to bring his account current. Id.

Plaintiff claims, as a result of these actions he was damaged by "Injury to my credit rating which resulted in increased rates for my personal and business accounts," and that he was "denied capital in the form of loans and lines of credit." Id. at §IV.

The Plaintiff alleges that his Mohela loan "was inaccurately accessed (sic) a '30 Day' late assessment by (Mohela) and reported to the three main credit bureaus in March 2019." Id. at §III.

Plaintiff does not make any allegations against Trans Union and at no time claims any concrete injury as a result of Trans Union's actions that would allow for standing in a Federal Court. See id. generally.

II. RELEVANT LEGAL STANDARD

The Court should grant a motion to dismiss where the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the Complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp.

v. Twombly, 550 U.S 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678-79. The core test is whether the well-pleaded facts state a claim that is "plausible on its face," rather than speculative or merely conceivable. See Twombly, 550 U.S. at 557. Therefore, in order to avoid dismissal, the Complaint must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. Id.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678 (internal citations omitted). It requires that the complaint must contain factual allegations "enough to raise a right to relief above the speculative level." See Twombly, 550 U.S. at 555.

Federal Rule of Civil Procedure 12(b)(1) provides for a Motion to Dismiss if the court lacks subject matter jurisdiction. Subject matter jurisdiction may not be waived, Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006), and a court must dismiss an action, at any time, if it determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3); see also S. Jackson & Son v. Coffee, Sugar & Cocoa Exch., 24 F.3d 427, 431 (2d Cir. 1994). Further, the burden of proving subject matter jurisdiction is on the party opposing dismissal. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Absent subject matter jurisdiction, the Court "lacks a legal basis to grant any relief, or even consider the action further." See Cornwell v. Credit Suisse Group, 666 F. Supp. 2d 381, 385 (S.D.N.Y. 2009).

### III. ARGUMENT

    **A. The Plaintiff's Amended Complaint Fails To State A Claim Against Trans Union In Which Relief Can Be Granted.**

None of the facts pled and causes of action asserted by Plaintiff relate to Trans Union or any action allegedly undertaken by Trans Union. See generally Amended Complaint. The Amended Complaint does not provide a "short and plain statement of the claim showing the pleader is entitled to relief" against Trans Union, contrary to the requirements of Federal Rule of Civil Procedure 8 ("Rule 8"). "When a complaint does not comply with Rule 8, the court may dismiss the complaint or strike those portions that are redundant or immaterial. See Fed.R.Civ.P. 12(f); Simmons v. Abruzzo, 49 F.3d 83, 86–87 (2d Cir.1995); see also Foreman v. Comm. Goord, No. 02 CIV. 7089 (SAS), 2004 WL 385114, at *4 (S.D.N.Y. Mar. 2, 2004).

While the Amended Complaint identifies Trans Union as being a credit bureau reported to by Mohela, it contains no allegations whatsoever relating to Trans Union. See generally Amended Complaint. The Amended Complaint not only fails to contain "detailed factual allegations" against Trans Union, but it also does not even contain any "the-defendant-unlawfully-harmed-me allegations." In fact, the Amended Complaint does not contain any allegations against Trans Union whatsoever, let alone any that state a claim that is "plausible on its face." The Amended Complaint cannot survive this motion to dismiss because even if all of the factual allegations are accepted as true, there is still no conceivable cause of action against Trans Union upon which the Plaintiff can plausibly be granted relief.

Even viewed in the light most favorable to Plaintiff, the Amended Complaint fails to say anything Trans Union did or suggest that Plaintiff is entitled to relief from Trans Union; as such, it fails to state a claim upon which relief can be granted against Trans Union. See Szil v. de Blasio, No. 17-CV-6965 (CM), 2017 WL 11490683, (S.D.N.Y. Oct. 27, 2017) (dismissing claims against

defendants where complaint contained no factual allegations as to defendants' personal involvement.).

In essence, Plaintiff named Trans Union as a Defendant in this matter and then failed to plead any cause of action against Trans Union or make any substantive allegations directly or indirectly related to Trans Union. Without stating a viable claim for relief against Trans Union, the Amended Complaint should be dismissed against Trans Union. See Iqbal, 556 U.S. at 678.

> **B. Case Law Holds This Court Lacks Subject Matter Jurisdiction To Hear Plaintiff's Claims Against Trans Union Because Plaintiff Suffered No Concrete Harm Required For Standing Under Article III Of The United States Constitution.**

Plaintiff does not have standing to pursue a claim against Trans Union because he has not suffered any required "concrete harm" that was caused by Trans Union. Plaintiff does not claim, as required, that Trans Union reported inaccurate information about him; does not claim, as required, to have suffered damages related to inaccurate reporting by Trans Union; does not claim, as required, to have been denied loans due to inaccurate reporting by Trans Union; and he does not claim, as required, that Trans Union disseminated any consumer reports to any third party. See Trans Union LLC v. Ramirez, 141 S.Ct. 2190, 2200 (2021).

Subject matter jurisdiction does not exist in the absence of constitutional standing. "To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm. No concrete harm, no standing." Ramirez, 141 S. Ct. at 2200. To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. Id. at 2203; see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–561, (1992). If "the plaintiff does not claim to have

suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." <u>Casillas v. Madison Avenue Assocs., Inc</u>., 926 F.3d 329, 333 (7th Cir. 2019). The Constitution Article III confines the federal judicial power to the resolution of "Cases" and "Controversies." <u>See</u> <u>Ramirez</u>, 141 S.Ct. at 2203; <u>U.S. Const</u>. art. 3, § 2, cl.1.

> "But under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court. The standing inquiry in this case thus distinguishes between (i) credit files that consumer reporting agencies maintain internally and (ii) the consumer credit reports that consumer reporting agencies disseminate to third-party creditors. The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."

<u>See</u> <u>Ramirez</u>, 141 S. Ct. at 2210.

To find that the plaintiff has standing to sue Trans Union based on his pleadings, would require a not insubstantial leap of faith that Plaintiff claims his file with Trans Union contained an inaccurate reporting, that the inaccurate reporting was disseminated to a third party, and that inaccurate reporting was the cause of Plaintiff's damages. Since no allegations of the sort are found in the Amended Complaint, it should be dismissed against Trans Union for lack of subject matter jurisdiction due to lack of Article III standing. Fed.R.Civ.P 12(h)(3).

**IV. CONCLUSION**

For the foregoing reasons, Trans Union respectfully requests that this Court issue an Order dismissing Plaintiff's Complaint against Trans Union, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and awarding all other just and proper relief.

Date: October 28, 2021            Respectfully submitted,

                                             */s/ Camille R. Nicodemus*
                                             Camille R. Nicodemus, Esq.
                                             Daniel F. Rothenberg, Esq.
                                              *(Pro Hac Vice pending)*
                                             Schuckit & Associates, P.C.
                                             4545 Northwestern Drive
                                             Zionsville, IN  46077
                                             Telephone:  (317) 363-2400
                                             Fax:  (317) 363-2257
                                             E-Mail:  cnicodemus@schuckitlaw.com

                                             *Counsel for Defendant Trans Union, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **28th day of October, 2021**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| Bridgett Rose, Esq. <br> brose@hahnhessen.com | Kayasha Lyons, Esq. <br> klyons@jonesday.com |
|---|---|
| Courtney S. Stieber, Esq. <br> ctaymour@seyfarth.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **28th day of October, 2021**, properly addressed as follows:

| **Pro Se Plaintiff** <br> Raymond Swainson <br> 49 E. 21st Street, Apt. 10D <br> New York, NY  10010 <br> rayswainson@gmail.com | |
|---|---|

 

/s/ Camille R. Nicodemus
Camille R. Nicodemus, Esq.
Daniel F. Rothenberg, Esq.
 (Pro Hac Vice pending)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*